UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:18-cr-0194-KJM |
| Plaintiff, | ORDER |
| v. | |
| Alejandro Ayala Acosta, | |
| Defendant. | |

Defendant Alejandro Ayala Acosta seeks to reduce his sentence based on the retroactive application of Amendment 821 to the U.S. Sentencing Guidelines. For the reasons set forth below, the court **denies** defendant's motion.

I.    **BACKGROUND**

On December 7, 2020, subject to a written plea agreement, defendant pled guilty to conspiracy to manufacture at least 100 marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1) and 846; possession of a firearm in furtherance of drug trafficking crimes, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and depredation against United States property in violation of 18 U.S.C. § 1361. Plea Hr'g, ECF No. 82; Plea Agreement, ECF No. 84. The probation officer then prepared a presentence investigation report (PSR) and found defendant's total offense level was 23. PSR ¶ 40, ECF No. 91 (under seal). The probation officer assigned defendant one criminal history point based on a prior criminal conviction. *Id.* ¶ 46. This resulted in a criminal

1

1  history category of I. *Id.* ¶¶ 47–48.  The court adopted the PSR without change, *see* Statement of
2  Reasons (on file with court), and sentenced defendant to a total term of 120 months, Sent'g Min.,
3  ECF No. 94; J. and Commitment at 2, ECF No. 95.

4      Defendant now seeks to reduce his sentence under 18 U.S.C. § 3582(c)(2) given the recent
5  retroactive amendments to the U.S. Sentencing Guidelines.  Mot., ECF No. 98.  The court
6  referred the motion to the Office of the Federal Defender (FDO) as provided by General Order
7  670. Min. Order (Apr. 24, 2024), ECF No. 99.  The FDO then filed a notice of non-
8  representation, *see* Notice, ECF No. 100, and the United States filed an opposition, *see* Opp'n,
9  ECF No. 101.

10  **II.  LEGAL STANDARD**

11      Generally, a federal court "may not modify a term of imprisonment once it has been
12  imposed[.]" 18 U.S.C. § 3582(c).  However, an exception applies "in the case of a defendant who
13  has been sentenced to a term of imprisonment based on a sentencing range that has subsequently
14  been lowered by the Sentencing Commission[.]" *Id.* § 3582(c)(2).  In such cases, "the court may
15  reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the
16  extent that they are applicable, if such a reduction is consistent with applicable policy statements
17  issued by the Sentencing Commission." *Id.*  This requires the court to engage in a two-step
18  inquiry. *Dillon v. United States*, 560 U.S. 817, 826–27 (2010).  First, the court determines
19  whether a defendant is eligible for a sentence modification. *Id.* at 827.  This is done by
20  determining "the amended guideline range that would have been applicable to the defendant had
21  the relevant amendment been in effect at the time of the initial sentencing." *Id.* (citation omitted).
22  Second, the court must consider any applicable section 3553(a) factors and determine whether to
23  exercise its discretion to reduce a sentence. *Id.*

24  **III.  ANALYSIS**

25      Defendant requests the court review his case to determine whether he is eligible for a
26  sentence reduction based on retroactive application of Amendment 821, which modifies specific
27  aspects of the U.S. Sentencing Guidelines. *See* Mot.; Sentencing Guidelines for the United States
28  Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023).  Amendment 821 is split into two sections—Parts A

and B. U.S.S.G. Amend. 821, pt. A.[1] Part A limits the criminal history impact of "status points" under U.S.S.G. § 4A1.1, while Part B provides a two-level reduction for certain zero-point offenders under U.S.S.G § 4C1.1. *Id.* The United States argues defendant is not entitled to relief under either section. *See* Opp'n at 1. The court examines defendant's eligibility under each section in turn.

First, under Part A, Amendment 821 reduces the number of status points assigned to defendants who committed the instant offense while under any criminal justice sentence. *Compare* U.S.S.G. § 4A1.1(e) (2023) *with* U.S.S.G. § 4A1.1(d) (2022). Previously, the guidelines called for adding two additional status points if the defendant committed the instant offense while under any criminal justice sentence. U.S.S.G. § 4A1.1(d) (2022). Now the status point provision adds only one status point for such offenders with seven or more criminal history points and zero status points for offenders with six or fewer criminal history points. U.S.S.G. § 4A1.1(e) (2023). Here, defendant did not commit the instant offense while under any criminal justice sentence and consequently did not receive any "status points." *See generally* PSR. Therefore, he is not entitled to relief under this first section. *See, e.g.*, *United States v. Nguyen*, No. 03-00158, 2024 WL 1701903, at *1 (D. Nev. Apr. 18, 2024) (finding defendant ineligible for sentence reduction under U.S.S.G. § 4A1.1 because defendant did not receive any status points at sentencing).

Second, under Part B, Subpart 1, Amendment 821 provides for a two-level reduction in the offense level of certain zero-point offenders, meaning defendants who received zero criminal history points. U.S.S.G. § 4C1.1. Here, defendant received one criminal history point and is therefore ineligible for a sentence reduction under this second section. PSR ¶ 46; *see, e.g.*, *United States v. Aguilar*, No. 13-00296, 2024 WL 1521382, at *1 (E.D. Cal. Apr. 8, 2024) (finding defendant ineligible for sentence reduction because he had one criminal history point).

/////

/////

---

[1] Amendment 821, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/821 (last visited Oct. 4, 2024).

## IV.   CONCLUSION

Because Amendment 821 does not impact defendant's sentence, he is not eligible for a sentence reduction.  Defendant's motion is **denied**.

This order resolves ECF No. 98.

IT IS SO ORDERED.

DATED:  October 4, 2024.

_____
SENIOR UNITED STATES DISTRICT JUDGE